Stuart J. West, SBN 202041
West & Associates, A PC
2815 Mitchell Drive
Suite 209
Walnut Creek, CA  94598
925.262.2220

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Regal Art & Gifts, Inc., | ) Case No.: |
| Plaintiff, | ) ) Complaint for Copyright Infringement, Trade Dress Infringement, Passing Off, Intentional Interference with Prospective Business Advantage, Negligent Interference with Prospective Business Advantage, and Unfair Competition |
| vs. | ) |
| Fusion Products, Ltd., Menard, Inc. | ) |
| Does 1-20 | ) |
| Defendants | |

Plaintiff, Regal Art & Gifts, Inc., (hereinafter, "Plaintiff") by and through their undersigned counsel, for their Complaint against Defendants Fusion Products, Ltd. (hereinafter, "Fusion") and Menard, Inc. (hereinafter "Menard") states the following.  Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## COMPLAINT

1. Plaintiff Regal Art & Gifts, Inc. is a company incorporated in the state of California with a principal place of business at 1470 Civic Court, Suite 150, Concord, CA  94520, hereinafter referred to as "Plaintiff."

2. Upon information and belief, Defendant Fusion Products, Ltd. is a company headquartered at 2905 Argentia Road, Unit 2 &3, Mississauga, Ontario, Canada L5N 8G6 hereinafter referred to as "Fusion."

3. Upon information and belief Defendant Menard, Inc. is a company incorporated in the State of Wisconsin with a principal place a business at 5101 Menard Drive, Eau Claire, WI 54703-5911 hereinafter referred to as "Menard".

4. Menard and Fusion shall be known collectively as "Defendants."

5. Upon information and belief, Fusion sold and/or distributed product covered by Plaintiff's copyright into the Northern District of California.

6. Upon information and belief, Menard sold and/or distributed product covered by Plaintiff's copyright into the Northern District of California.

7. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §101, et seq., hereinafter referred to as the "Act." Jurisdiction is founded on Sections 1331 and 1338(a) of the Judicial Code (28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367).

8. Venue is conferred by § 1391(b)(2) and 1400(b) of the Judicial Code (28 U.S.C. § 1391(b)(2) and 1400(b)).

## OPERATIVE FACTS

9. On or between August and September of 2012, Jiang Jianhua for Quanzhou Carry Far Art & Gift Co., Limited and Plaintiff entered into a contract where Plaintiff commissioned Jiang Jianhua for Quanzhou Carry Far Art & Gift Co., Limited to design and create a product referred to in Copyright Registration Number VA 1-836-905 as Mushroom Group, registration certificate attached as Exhibit A.

10. On August 9, 2012 Jiang Jianhua for Quanzhou Carry Far Art & Gift Co., Limited assigned all rights to Mushroom Group to Plaintiff, a copy of this assignment is attached as Exhibit B.

11. Plaintiff filed a Copyright application for Mushroom Group, without proper legal consultation, that registered on 9/24/12, but made a clerical error listing Regal Art & Gifts, Inc. as the author of Mushroom Group.

12. On or around April 7, 2014, Plaintiff filed a supplemental Copyright Registration to amend the error listing Regal Art & Gifts, Inc. as the author.

13. The supplemental Copyright Registration was assigned Registration Number VA 1-433-702 and is attached as Exhibit C.

14. On or about August 2012, Plaintiff was assigned rights from Jiang Jianhua for Quanzhou Carry Far Art & Gift Co., Limited who created and put into tangible form a figure hereinafter described as "Solar Mushroom Stake Dragonfly."

15. The Solar Mushroom Stake Dragonfly was included in the Copyright application registered on 9/24/12 and is copyrightable subject under the laws of the United States. A copy of the images as filed with the Copyright application is attached as Exhibit D

16. Fusion manufactures and/or sells an item hereinafter described as "Dragonfly Mushroom Garden Light" which is given model number 16420 and sold under the Patriot Lighting name at Menard's stores and is nearly identical to Plaintiff's product described as Solar Mushroom Stake Dragonfly. An image capture of Fusion's product is attached as Exhibit E.

17. Plaintiff designed their products to be distinctive.

18. Plaintiff alleges extreme similarity between Plaintiff's products and Fusion's products, as evidenced by the referenced photos attached as Exhibits D and E.

19. Plaintiff's catalog includes images of Plaintiff's works.

20. Plaintiff's catalog is publicly available.

21. Plaintiff and Fusion had a previous dispute over designs in Canada.

22. Upon information and belief, as a result of the dispute over designs in Canada, Fusion stopped selling their product in Canada.

23. Upon information and belief, Fusion stopped selling in Canada because the product was similar to Plaintiff's products.

24. The products that are subject of this complaint are substantially similar to the products Fusion stopped selling in Canada previously.

25. Fusion has access to Plaintiff's catalogs.

26. Fusion is aware of Plaintiff's products.

27. Fusion unlawfully copied Plaintiff's design.

28. Fusion willfully copied Plaintiff's design.

29. Fusion's products in this complaint infringe Plaintiff's copyright.

30. Fusion's products are substantially similar to Plaintiff's products, exuding the same overall appearance as Plaintiff's designs.

31. Fusion's products are strikingly similar to Plaintiff's products, exuding the same overall appearance as Plaintiff's designs.

32. Fusion intentionally copied Plaintiff's designs.

33. Plaintiff suffered damages from sales as a result of Fusion's production and sale of Fusion's products.

34. Plaintiff has adopted a particular dress, design and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

35. Fusion has attempted to imitate Plaintiff's particular dress, design and combination of features, in such a way as to mislead the public.

36. Fusion's products' appearance has caused a likelihood of confusion among the public as to the original source of Plaintiff's products.

37. The multiplicity of similarities between Plaintiff's products and Fusion's products evidence a conscious intent by Fusion to imitate and copy Plaintiff.

38. Fusion's actions are intended and/or operate to confuse the public.

39. Fusion misrepresented to prospective consumers that the design of Plaintiff's products was their own.

40. Fusion is in a similar trade as Plaintiff.

41. Plaintiff's designs are of significant commercial value.

42. Fusion knew that Plaintiff's designs were of significant commercial value and intended to disrupt that financial relationship.

43. Fusion's actions were to take advantage of Plaintiff's significant financial gain by the manufacturing and distribution of Plaintiff's designs.

44. Fusion knew Plaintiff's sales were in the same region as Fusion's.

45. Plaintiff lost prospective sales due to Fusion's infringement.

46. Plaintiff was harmed by the lost sales.

47. Plaintiff's sale and distribution of its works and derivative works were damaged by Fusion's copyright infringements.

48. Plaintiff has lost substantial revenue from Fusion's unlawful and willful copying of Plaintiff's designs.

49. Plaintiff and Fusion have had previous discussions regarding Fusion unlawfully opying Plaintiff's designs.

## COUNT ONE - COPYRIGHT INFRINGEMENT

50. Paragraphs 1 through 49 are incorporated herein as though set forth in their entirety.

51. Plaintiff is the owner by assignment to all right, title and interest in Plaintiff's designs.

52. Defendants unlawfully copied Plaintiff's design.

53. Defendants willfully copied Plaintiff's design.

54. Defendants' products in this complaint infringe Plaintiff's copyright.

55. Defendants' products are substantially similar to Plaintiff's products, exuding the same overall appearance as Plaintiff's copyrighted material.

56. Defendants' products are strikingly similar to Plaintiff's products, exuding the same overall appearance as Plaintiff's copyrighted material.

## COUNT TWO – PASSING OFF

57. Paragraphs 1 through 56 are incorporated herein as though set forth in their entirety.

58. Defendants misrepresented to prospective consumers that the copyrighted design of Plaintiff's products were their own.

59. Defendants are in a similar trade as Plaintiff.

60. Defendants made this misrepresentation to injure the business or goodwill of Plaintiff.

61. As a result of Defendants' misrepresentation to prospective consumers, Plaintiff suffered damages.

## COUNT THREE - TRADE DRESS

62.  Paragraphs 1 through 61 are incorporated herein as though set forth in their entirety.

63. The design of Plaintiff's products are distinctive designs owned by Regal Art & Gifts, Inc.

64. When designing and manufacturing Plaintiff's products, Plaintiff adopted a particular dress, design and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

65. Defendants' have attempted to imitate Plaintiff's particular dress, design and combination of features, in such a way as to mislead the public.

66. Defendants' product's appearance have caused a likelihood of confusion among the public as to the original source of Plaintiff's products.

67. The multiplicity of similarities between Plaintiff's products and Defendants products evidence a conscious intent by Defendants to imitate and copy Plaintiff.

68. Defendants' actions are intended and/or operate to confuse the public.

69. Plaintiff's sale of its own works is prejudiced by Defendants' imitation and copying of Plaintiff's products, all to Plaintiff's irreparable damage.

## COUNT FOUR - INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

70. Paragraphs 1 through 69 are incorporated herein as though set forth in their entirety.

71.  Plaintiff's designs are of a significant commercial value.

72. Defendants knew that Plaintiff's designs were of significant commercial value and intended to disrupt that financial relationship.

73. Defendants' actions were to take advantage of Plaintiff's significant financial gain by the manufacturing and distribution of Plaintiff's designs.

74. Defendants engaged in an independently wrong act by manufacturing and distribution of Plaintiff's designs.

## COUNT FIVE - NEGLIGENT INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

75.  Paragraphs 1 through 74 are incorporated herein as though set forth in their entirety.

76. Fusion owed Plaintiff a duty of care to not manufacture and sell products that infringed on Plaintiff's designs.

77. Fusion knew Plaintiff's sales were in the same region as Fusions.

78. Fusion's breach of duty directly and proximately caused harm to Plaintiff, at least, by causing Plaintiff to lose prospective sales.

79. Plaintiff was harmed by the lost sales.

## COUNT SIX – UNFAIR COMPETITION

80. Paragraphs 1 through 79 are incorporated herein as though set forth in their entirety.

81. Fusion is unlawfully copying Plaintiff's products, which has contributed to the dilution of the distinctive quality of Plaintiff's works in the marketplace.

Complaint for Copyright Infringement, Unfair Competition and Trade Dress Infringement

82. Fusion is willfully copying Plaintiff's products, which has contributed to the dilution of the distinctive quality of Plaintiff's works in the marketplace.

83. Plaintiff's sale and distribution of its works and derivative works are prejudiced by Fusion's copyright infringements.

84. Plaintiff has lost substantial revenue from Fusion's unlawful and willful copying of Plaintiff's designs.

85. Fusion, by their unauthorized appropriation and use of Plaintiff's copyrighted works, have and are engaging in acts of unfair competition on Plaintiff's goodwill and the public's acceptance of Plaintiff's designs, all to Plaintiff's irreparable damage.

86. Fusion, by their unauthorized appropriation and use of Plaintiff's copyrighted works, have and are engaging in acts of unlawful appropriation on Plaintiff's goodwill and the public's acceptance of Plaintiff's designs, all to Plaintiff's irreparable damage.

87. Fusion, by their unauthorized appropriation and use of Plaintiff's copyrighted works, have and are engaging in acts of unjust enrichment on Plaintiff's goodwill and the public's acceptance of Plaintiff's designs, all to Plaintiff's irreparable damage.

88. Fusion, by their unauthorized appropriation and use of Plaintiff's copyrighted works, have and are engaging in acts of wrongful deception of the purchasing public, on Plaintiff's good will and the public's acceptance of Plaintiff's designs, all to Plaintiff's irreparable damage.

89. Fusion, by their unauthorized appropriation and use of Plaintiff's copyrighted works, have and are engaging in acts of unlawful trading on Plaintiff's good will and the public's acceptance of Plaintiff's designs, all to Plaintiff's irreparable damage.

**WHEREFORE, Plaintiff prays:**

A. Defendants be enjoined during the pendency of this action and permanently thereafter from copying and using Plaintiff's copyrighted works;

B. Defendants be enjoined during the pendency of this action and permanently thereafter from producing, selling, and distributing its infringing products to the public;

C.  Defendants be ordered to pay to Plaintiff all damages suffered by Plaintiff due to their unlawful acts, with prejudgment interest, as well as account for and pay to Plaintiff all gains and profits that they have enjoyed at Plaintiff's expense and that such damages include Plaintiff's costs and attorney's fees.  At present, Plaintiff cannot ascertain the full extent of their damages and lost profits;

D.  Defendants be ordered to pay damages under Title 17 of the United States Code § 504(c) provides that in a case of willful infringement, a court may award up to the sum of $150,000 in damages for each infringement, as well as full court costs and reasonable attorney's fees.

E.  Such other relief as the equities of the case may require and as this Court may deem just and proper under the circumstances; and

F.      A trial by jury.

Dated this 23rd day of September, 2015

/Stuart J. West/ _____
Stuart J. West
CA SBN 202041
West & Associates, A PC
2815 Mitchell Drive
Suite 209
Walnut Creek, CA  94598
925.262.2220

Exhibit A

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Maria A. Pallante

Register of Copyrights, United States of America

**Registration Number**
VA 1-836-905

**Effective date of registration:**
September 24, 2012

---

**Title**

Title of Work: Mushroom Group

**Completion/Publication**

Year of Completion: 2012

Date of 1st Publication: August 28, 2012        Nation of 1st Publication: United States

**Author**

Author: Regal Art & Gifts, Inc.

Author Created: sculpture

Work made for hire: Yes

Citizen of: United States        Domiciled in: United States

**Copyright claimant**

Copyright Claimant: Regal Art & Gifts, Inc.

4589 Pacheco Blvd., Martinez, CA, 94553, United States

**Rights and Permissions**

Organization Name: Regal Art & Gifts, Inc.

Name: Audrey Costello

Email: audrey@regalgift.com        Telephone: 925-335-2300

Address: 4589 Pacheco Blvd

Martinez, CA 94553  United States

**Certification**

Name: Audrey Costello

Date: September 24, 2012

Applicant's Tracking Number: 10341,10342,10343,10344

---

Page 1 of 1

Complaint for Copyright Infringement, Unfair Competition and Trade Dress Infringement

Exhibit B

**Regal**
ART & GIFT

### INTELLECTUAL PROPERTY ASSIGNMENT AGREEMENT

This agreement is entered into between **Regal Art & Gift, Inc.** (Herein referred to as "Regal"), located at 4589 Pacheco Boulevard, Martinez CA 94553 USA and JiangJianhua / Quanzhou Carry Far Art & Gift Co. Limited (hereinafter referred to as "Vendor "), located at Hao Yang Building Zhuo lian industrial zone, Feng Ze area, Quan Zhou, Fujian, China, hereinafter collectively referred to as the "Parties."

Regal develops proprietary products that they contract to manufacture, import, market and sell wholesale in the gift & garden industry.  At Regal's request and direction, Vendor created designs for Regal for the products specified in the attached Appendix A (hereinafter referred to as the "Assigned Product Designs").

In consideration of the premises and covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Vendor hereby assigns and transfers to Regal, its successors and assigns, Vendor's entire right, title, and interest in and to the Assigned Product Designs and all works based upon, derived from, or incorporating the Assigned Product Designs, including: (i) any copyright, trade dress, trademark, patent, design patent, trade secret, confidential information, know-how, process, technology, idea, concept, design right, or invention; (ii) any registrations and applications relating to any of the foregoing and any renewal and extensions thereof; (iii) any other proprietary or other intellectual property right in and to the Assigned Product Designs, whether arising under the laws of the United States or any other country; and (iv) all income, royalties, damages, claims and payments now or hereafter due or payable with respect thereto, and in and to all causes of action, either in law or in equity for past, present, or future infringement of the intellectual property rights in and to the Assigned Product Designs, and in and to all rights corresponding to the foregoing throughout the world.

2. In the event that Regal desires to file applications to register and/or protect the intellectual property rights of the Assigned Product Designs, including copyright, patent, design patent, trademark, trade dress, or any other intellectual property right, Vendor hereby agrees to cooperate with the filing of any such application, including signing and/or executing any forms, declarations or other documents associated with the applications.  If Vendor does not respond to a request by Regal to cooperate with an application in the agreed-upon manner within ten (10) days after such a request is made, Vendor hereby agrees to grant Regal a limited power

Page 1 of 3

Complaint for Copyright Infringement, Unfair Competition and Trade Dress Infringement

– 11

of attorney for the purpose of executing documents associated with the application on Vendor's behalf.

3. Each Party hereby represents and warrants to and covenants to the other Party that such Party: (a) has read and understands this Agreement, and has entered into it voluntarily and without coercion; (b) has been advised, and has had the opportunity, to consult with legal counsel of its choosing with respect to this Agreement and the matters contemplated hereby; (c) is entering into this Agreement based upon its own investigation and is not relying on any representations or warranties of the other Party or any other person not set forth herein; (d) has not assigned or otherwise transferred any rights or obligations required by this Agreement; (e) has the legal authority to enter into this Agreement and perform its obligations hereunder; and (f) has duly executed this Agreement, and such Agreement constitutes the valid and binding obligation of such Party, enforceable against it in accordance with its terms, except as such enforceability may be limited by bankruptcy or similar laws affecting creditors rights generally and general principles of equity.

This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective legal representatives, successors, and assigns.

IN WITNESS WHEREOF, the parties have executed this agreement effective as of the date first written above

Regal Art & Gift, Inc.

Signed:        _Bill Costello_

Print Name:    Bill Costello

Title:         President

Date:          August 8, 2012


Vendor Name:   Jiang Jianhua / Quanzhou Carry Far Art & Gift Co. Limited

Signed:        _____

Print Name:    Jiang Jianhua

Title:         President

Date:          August 8 2012

Page 2 of 3

**APPENDIX A:**

1. Regal Item # 10341 (Vendor Item # CF10) Solar Mushroom Stake - Butterfly
2. Regal Item # 10342 (Vendor Item # CF11) Solar Mushroom Stake - Dragonfly
3. Regal Item # 10343 (Vendor Item # CF13) Solar Mushroom Stake - Frog
4. Regal Item # 10344 (Vendor Item # CF12) Solar Mushroom Stake – Ladybug

PHOTOS:



Page 3 of 3

Complaint for Copyright Infringement, Unfair Competition and Trade Dress Infringement

– 13

Exhibit C



*Added by C.O. from phone call to Stuart West on 5/19/2014.

FORM CA RECEIVED
APR 07 2014

FUNDS RECEIVED DATE
Apr 7 2014

EXAMINED BY

CORRESPONDENCE ☐

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION ☒ YES ☐ NO

FORM CA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

Continuation of: ☐ Part B or ☐ Part C

Correspondence Give name and address to which correspondence about this application should be sent.
Stuart West
2185 Mitchell Drive, Suite 209
Walnut Creek, CA 94598

Phone ( 925) 262.2220      Fax ( 925) 262.2205      Email copyright@westpatentlaw.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name
Account Number

Certification* I, the undersigned, hereby certify that I am the: (Check only one)
☐ author   ☐ owner of exclusive right(s)
☐ other copyright claimant   ☒ duly authorized agent of   Regal Art & Gifts, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼ Stuart J. West          Date ▼ 2/5/2014

Handwritten signature (X) ▼

Certificate will be mailed in window envelope to this address:
Name ▼
Stuart West
Number/Street/Apt ▼
2815 Mitchell Drive, Suite 209
City/State/Zip ▼
Walnut Creek, CA 94598

Form CA-Full  Rev: 07/2006  Print: 07/2006—2,000  Printed on recycled paper      U.S. Government Printing Office 2006

Complaint for Copyright Infringement, Unfair Competition and Trade Dress Infringement

Exhibit D – Regal's Solar Mushroom Stake Dragonfly



Exhibit E – Fusion Product's Dragonfly Mushroom Garden Light



