UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGAL ART & GIFTS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FUSION PRODUCTS, LTD., et al.,<br><br>    Defendants. | Case No. 15-cv-04363-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

On December 22, 2015, Defendants Fusion Products, Ltd. and Menard, Inc. filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot., Dkt. No. 11.) Additionally, Menard moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2).

On February 4, 2016, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff Regal Art & Gifts, Inc. is incorporated in the state of California, and maintains its principal place of business in Concord, California. (Compl., Dkt. No. 1 ¶ 1.) Defendant Fusion Products, Ltd. is a company headquartered in Ontario, Canada. (Compl. ¶ 2.) Defendant Menard, Inc. is a company incorporated in the State of Wisconsin and maintains its principal place a business in Eau Claire, Wisconsin. (Compl. ¶ 3.) Menard is a family-owned company that operates the eponymous Menards home improvement stores in 14 states in the Midwestern United States. (Defs.' Mot. at 8.)

On or around August and September 2012, Plaintiff entered into a contract with Jiang Jianhua for Quanzhou Carry Far Art & Gift Co., Limited, in which Plaintiff commissioned the

design and creation of a product referred to in Copyright Registration Number VA 1-836-905 as Mushroom Group. (Compl. ¶ 9.) Mushroom Group is a collection of solar stakes, and includes the "Solar Mushroom Stake Dragonfly," which is the product at issue in this litigation. (*See* Compl. ¶ 14, Ex. A.) On August 9, 2012, all rights to Mushroom Group were assigned to Plaintiff. (Compl. ¶ 10, Ex. B.) On September 24, 2012, Plaintiff filed a Copyright application with the United States Copyright Office for Mushroom Group, but made a clerical error listing Regal Art & Gifts, Inc. as the author of Mushroom Group. (Compl. ¶ 11.) This error was corrected on or around April 7, 2014, when Plaintiff filed a supplemental Copyright Registration, and was assigned Registration Number VA 1-433-702. (Compl. ¶¶12-13, Ex. C.) Thus, the Solar Mushroom Stake Dragonfly is subject to copyright protection under the laws of the United States. (Compl. ¶ 15, Ex. D.)

Fusion manufactures and/or sells an item described as "Dragonfly Mushroom Garden Light" (model number 16420), which is sold under the Patriot Lighting brand at Menards stores. (Compl. ¶ 16, Ex. E.)  Plaintiff alleges that this product is nearly identical to the Solar Mushroom Stake Dragonfly. *See ids.*

Plaintiff vaguely alleges that it had a prior dispute with Fusion in Canada, in which Fusion sold products similar to the Solar Mushroom Stake Dragonfly. (Compl. ¶¶ 21-24.) As a result, Fusion stopped selling these products in Canada. (Compl. ¶ 22.)

On September 23, 2015, Plaintiff filed this action alleging copyright infringement, passing off, trade dress infringement, intentional interference with economic advantage, negligent interference with economic advantage, and unfair competition.  On December 22, 2015, Defendants filed a motion to dismiss.  Specifically, Fusion moves to dismiss causes of action two through six for failure to state a claim, while Menard moves to dismiss all causes of action for failure to state a claim and for lack of personal jurisdiction. (Defs.' Mot. at 2.)  On January 5, 2016, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 15.)  On January 12, 2016, Defendants filed a reply. (Defs.' Reply, Dkt. No. 17.)

## II.   LEGAL STANDARD

### A.   Motion to Dismiss pursuant to Rule 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim

for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, a motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). To make a prima facie showing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [plaintiff's] favor." *Love*, 611 F.3d at 608.

### B. Motion to Dismiss pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th

1  Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat
2  a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a
3  probability requirement, but it asks for more than a sheer possibility that a defendant has acted
4  unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's
5  liability, it stops short of the line between possibility and plausibility of entitlement to relief."
6  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III.  DISCUSSION

Menard moves to dismiss the case under Rule 12(b)(2) for lack of personal jurisdiction. (Defs.' Mot. at 8.) Menard also moves to dismiss all claims on the grounds that Plaintiff fails to allege sufficient facts against Menard due to the generic use of the term "defendants." *Id.* at 4. Both of the defendants move to dismiss the second through sixth causes of action for failure to state a claim under Rule 12(b)(6). *Id.* at 4-8.

#### A.  Whether the Court has Personal Jurisdiction over Menard

California's long-arm statute authorizes specific personal jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause of the United States Constitution. Accordingly, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The two recognized bases for exercising personal jurisdiction over a nonresident defendant are "general jurisdiction" and "specific jurisdiction." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

Plaintiff bears the burden of demonstrating that the court has jurisdiction over Defendant.
///

### i. General Jurisdiction

General jurisdiction over a nonresident defendant exists when the defendant engages in "continuous and systematic general business contacts" that "approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (internal citations and quotation marks omitted). Plaintiff concedes that the Court does not have general jurisdiction over Defendant. (Pl.'s Opp'n at 6.)

### ii. Specific Jurisdiction

The Court may assert specific personal jurisdiction over nonresident defendants if three requirements are met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. If the plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the defendant to a "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Id.*

#### a. Purposeful Availment

The first requirement encompasses two distinct concepts: purposeful availment and purposeful direction. The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. *Schwarzenegger*, 374 F.3d at 802; *see also Craigslist, Inc. v. Kerbel*, 2012 WL 3166798, at *4 (N.D. Cal. Aug. 2, 2012). "In analyzing purposeful direction, the Court applies the 'effects' test first established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1983)." *Kerbel*, 2012 WL 3166798, at *4. Jurisdiction is proper under the effects test if the defendant "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Id.* (citing *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).

5

### 1. Intentional acts

First, the nonresident defendant committed intentional acts by selling the accused product. (Compl. ¶ 16.)

### 2. Express aiming

Second, is whether the nonresident defendant expressly aimed its conduct at the chosen forum. Express aiming exists where "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *CollegeSource, Inc. v. Academyone, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (internal quotation marks and citations omitted).

"[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity that an entity conducts over the Internet." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). Personal jurisdiction is appropriate where an entity is conducting business over the internet and has offered for sale and sold its products to forum residents. *See Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1077–78 (C.D. Cal. 1999) (holding that the exercise of personal jurisdiction was appropriate based on the "highly commercial" nature of defendant's website).

Menard relies on *Boschetto v. Hansing*, 539 F.3d 1011, 1014 (9th Cir. 2008) in support of its argument that one online sale does not constitute purposeful direction. (Defs.' Reply at 6-8.) *Boschetto*, however, is inapposite, as it involved the advertisement and sale of a single automobile using the eBay online auction site. *Id.* There, the dealership appellees operated a website, but it was not connected with the eBay transaction. *Id.* Furthermore, the court found that there was no purposeful direction, because the eBay listing was not part of broader e-commerce activity. *Id.* at 1018. Rather, "the listing temporarily advertised a good for sale and that listing closed once the item was sold, thereby extinguishing the Internet contact for this transaction within the forum state (and every other forum)." *Id.* Indeed, the *Boschetto* court acknowledged that, "where the Internet site actually belongs to and is operated by the defendant, the nature of the website has jurisdictional significance because the website allows the defendant to maintain some ongoing

1   contact with the forum state (as well as every other state that can access the site)." 539 F.3d 1011,
2   1018 (citing *Zippo*, 952 F. Supp. at 1125-26). Thus, *Boschetto* is more harmful than helpful to
3   Defendant's position here.
4        To the contrary, the Court is persuaded by the reasoning in *Stomp*, which also involved the
5   issue of "whether [a party's] website constitutes minimum contacts with the forum state sufficient
6   to exercise personal jurisdiction over it." 61 F. Supp. 2d at 1077. There, the nonresident defendant
7   disputing jurisdiction maintained a "highly commercial" website. *Id.* at 1078. While there were
8   portions of the website that provided information about the company, "a substantial portion of the
9   site [was] dedicated to allowing the consumer to purchase [the allegedly infringing] products on-
10  line." *Id.* The *Stomp* court found "although the actual number of sales to California citizens may
11  be small, the critical inquiry in determining whether there was purposeful availment of the forum
12  state is the quality, not merely the quantity, of the contacts." *Id.* (citing *CompuServe v. Patterson*,
13  89 F.3d 1257, 1265 (6th Cir. 1996)). The *Stomp* court also found that the party disputing
14  jurisdiction could not credibly claim that its contacts in the chosen forum were "mere[ly]
15  fortuitous," as was the case in *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).
16  In *World–Wide Volkswagen*, the plaintiff brought suit in Oklahoma against a New York citizen
17  who had sold a car to New York residents, who later drove the car to Oklahoma where the plaintiff
18  was injured. *Id.* at 287. In that case, Supreme Court found that the contact with Oklahoma too
19  attenuated to comply with constitutional due process. *Id.* at 298. As is the case here, the
20  nonresident defendant could not claim that its contact with the forum state was so attenuated
21  because it had marketed and sold its products over the internet to residents in the chosen forum.
22  *Stomp*, 61 F.Supp.2d at 1078-79.
23       Here, Menard sold the accused product, thereby allegedly targeting Plaintiff, which is
24  located in California. (Compl. ¶¶ 6, 16.) For the first time in its opposition, Plaintiff asserts that
25  Menard sold the accused product on its website, and that it made at least one sale to the Northern
26  District. (Pl.'s Opp'n at 6.) Facts not contained in the operative complaint, however, cannot be
27  considered on a motion to dismiss.
28  ///

Menard argues that, upon review of its sales records, only four units of the infringing product were sold to California residents, constituting a small fraction of the sales of the accused product. (Defs.' Mot. at 12.) While a small number of sales to the forum may defeat general jurisdiction, it does not automatically defeat the express aiming element. *See Fusionbrands, Inc. v. Suburban Bowery of Suffern, Inc.*, 2013 WL 5423106, at *6 (N.D. Ga. Sept. 26, 2013)($6,000 in total sales from Amazon.com storefront was express aiming in infringement case, because Amazon ships nationwide). To be sure, "[b]y advertising and offering its products for sale via the Internet, [a company] has placed its products into the stream of commerce intending that they would be purchased by consumers with access to the Web, including California citizens." *Stomp*, 61 F. Supp. 2d at 1078. To find otherwise, would allow corporations whose websites serve a national market to defeat jurisdiction in states where those websites generate substantial profits from local consumers. *Mavrix,* 647 F.3d at 1231 (citing *Burger King*, 471 U.S. at 473-74 ("[W]here individuals 'purposefully derive benefit' from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise predictably from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed.")).

Thus, while Plaintiff does not currently allege sufficient facts regarding Menard's conduct, Menard's commercial website could plausibly satisfy the express aiming element of the *Calder* test. Thus, Plaintiff is granted leave to amend.

### 3. Causing harm in the forum state

Third, is whether the nonresident defendant should have foreseen that it would cause harm in California. Generally, a defendant is found to know that the action would cause harm in the state in which the copyright holder is located. *See craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1053 (N.D. Cal. 2010). Menard argues that it was not aware of Plaintiff or Plaintiff's copyright, let alone Plaintiff's location, until after it received the cease and desist letter, so the harm in California was not foreseeable. (Defs.'Mot. at 14; Decl. of Jeffrey R. Sacia ¶ 10.) In opposition, Plaintiff contends that it is one of the top five suppliers of garden decor in the United States, such that it is highly unlikely that Menard had never heard of it. (Pl.'s Opp'n at 10.)

Additionally, Plaintiff argues that Menard should have known that the accused product was copyright protected by a company residing in California because the cease and desist letter was sent by counsel located in the Northern District. *Id.*

Generally, a sale made after an entity was made aware that it was selling an allegedly infringing product is sufficient to infer that it knew that its action would cause harm in the forum. *See Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 678 (9th Cir. 2012) (sales made after receiving cease-and-desist letters sufficient to satisfy the knowledge prong of the *Calder* test). The operative complaint, however, does not contain any facts regarding the cease and desist letter.

Thus, while the complaint does not currently allege sufficient facts to show that Menard should have foreseen that it would cause harm in California, Plaintiff is granted leave to amend to do so.

### b.   Arising from forum-related activities

This element is established if Plaintiff would not have been injured "but for" the nonresident defendant's forum-related activities. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Plaintiff adequately alleges that Menard sold and/or distributed the accused product in the Northern District of California. (Compl. ¶¶ 6, 16.) Thus, Plaintiff satisfies the second prong of specific jurisdiction.

### c.   Reasonableness

Because Plaintiff has failed to satisfy the first two prongs of specific jurisdiction, the Court need not determine whether the exercise of personal jurisdiction over the nonresident defendant would be reasonable. *See Schwarzenegger*, 374 F.3d at 802 ("If the plaintiff fails to satisfy either of [the first two] prongs, personal jurisdiction is not established in the forum state.").

Nevertheless, the Court is generally unpersuaded by Menard's argument that asserting jurisdiction would be unreasonable because all documents and records related to the transactions of goods are located in Wisconsin, and there is a financial impact involved in defending this case. (Defs.' Reply at 9.)

In light of the foregoing, as currently pled, Plaintiff has failed to make the requisite prima

facie showing that the Court has specific jurisdiction over Defendant. Based on the facts presented for the first time in the moving papers, the Court believes that Plaintiff may be able to allege sufficient facts to support the exercise of personal jurisdiction over Menard. Plaintiff is, therefore, granted leave to amend.

### B.  Plaintiff adequately alleges claims against Menard.

Menard argues that it is only mentioned by name in three paragraphs, which is insufficient to put it on notice of the allegations against it. (Defs.' Mot. at 4.) Plaintiff, however, alleges that Menard sold the accused product in its stores, which is sufficient to put Menard on notice of the copyright infringement claim. (Compl. ¶¶ 6, 16.) To the extent that Plaintiff believes that Menard's conduct extends beyond distribution, those facts should be alleged in the complaint. Accordingly, the motion to dismiss all claims on the grounds that there are insufficient facts to put Menard on notice is denied.

### C.  Motion to Dismiss under Rule 12(b)(6)

Defendants move to dismiss the second through sixth causes of action on the merits.

#### i.  Preemption under the Copyright Act

As an initial matter, Defendants contend that the fourth (intentional interference), fifth (negligent interference), and sixth (unfair competition) causes of action are preempted by the Copyright Act. (Defs.' Mot. at 5-6.) Section 106 of the Copyright Act enumerates the "bundle of rights" protected by statute, which include the rights of production, distribution, preparation of derivative works, public performance, public display, and digital transmission. 17 U.S.C. § 106. A state law cause of action is preempted by the Copyright Act if both the rights that a plaintiff asserts under state law are "rights that are equivalent" to those protected by the Copyright Act, and the work involved falls within the "subject matter" of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998)(citing 17 U.S.C. § 301(a); 1 Nimmer, § 1.01[B] at 1–11).

"To survive preemption, the state cause of action must protect rights that are qualitatively different from the rights protected by copyright: the complaint must allege an 'extra element' that changes the nature of the action." *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir.

2004) opinion amended on denial of reh'g, 400 F.3d 658 (9th Cir. 2005).  Generally, claims involving the enforcement of contractual rights are not preempted. *See Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005)(citations omitted).

It is undisputed that the Solar Mushroom Stake Dragonfly falls within the category of pictorial, graphic, and sculptural works. *See* 17 U.S.C. § 102(a)(5).

In opposition, Plaintiff argues that, even though the copyright claim may be similar, the interference causes of action are different, because there are additional factors that make them not equivalent. (*See* Pl.'s Opp'n at 4.)  In reply, Defendants argues that the interference causes of action are predicated on the alleged infringement, as Plaintiff explicitly alleges that "Fusion, by their unauthorized appropriation and use of Plaintiff's copyrighted works, have and are engaging in acts of unlawful appropriation of Plaintiff's goodwill . . . and wrongful deception of the purchasing public. . . ." (Defs.' Reply at 3 (citing Compl. ¶¶ 86, 88).)  At the hearing, Plaintiff argued that the claims had additional elements aside from copyright infringement, which allow them to survive preemption.  Plaintiff's arguments are unavailing.  As noted by Defendants at the hearing, Plaintiff conflates the elements of the cause of action with the "extra element" required to survive preemption.  In the preemption context, the focus is on whether the right invoked by the state law claim is protected by the Copyright Act.  In other words, if the state law claim turns upon the existence of a copyright, then the claim is preempted. *Grosso*, 383 F.3d at 968.  If the claim addresses a different right, as in the case of breach of contract, the claim is said to have an "extra element," and survives preemption. *See Altera Corp.,* 424 F.3d at 1089.  Since the interference claims turn on the existence of the copyright, they are preempted.

Unfair competition law in California prohibits any "unlawful, unfair or fraudulent business practice." *Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94 (1972); *see also Kodadek*, 152 F.3d at 1212.  Here, Plaintiff attempts to allege several different ways in which Defendants have infringed on its copyright, without alleging any facts in support thereof. (*See* Compl. ¶¶ 80-89.) In opposition, Plaintiff argues that the unfair competition claim alleges that Fusion is unlawfully appropriating Plaintiff's goodwill and deceiving the public. (Pl.'s Opp'n at 4.)  To the contrary, like the inference claims discussed above, any claim pertaining to the goodwill and deceiving the

11

1  public is based wholly on Defendants' allegedly unauthorized copying and distribution of the

2  Solar Mushroom Stake Dragonfly. Since § 106 of the Copyright Act protects against unauthorized

3  copying and distribution, the unfair competition claim does not protect a right that is qualitatively

4  different. Thus, the unfair competition cause of action is preempted.

5      In light of the foregoing, the fourth, fifth, and sixth causes of action are preempted by the

6  Copyright Act, and are dismissed without leave to amend.

### ii.    Passing off

8      The second cause of action is for passing off. (Compl. ¶¶ 57-61.) Plaintiff concedes that it

9  cannot currently allege the requisite intent to successfully plead this cause of action. (Pl.'s Opp'n

10  at 5.) Accordingly, the second cause of action is dismissed without leave to amend.

### iii.    Trade Dress

12      The third cause of action is for trade dress. (Compl. ¶¶ 62-69.) Defendants contend that

13  Plaintiff fails to sufficiently allege facts to support the elements of trade dress. (Defs.' Mot. at 4-

14  5.) Specifically, Plaintiff fails to describe its trade dress with particularity, does not specify which

15  type of trade dress violation is alleged, and does not allege that the trade dress is registered. *Id.* In

16  opposition, Plaintiff contends that the allegedly infringed upon product is attached as an exhibit to

17  the Complaint. (Pl.'s Opp'n at 2.) While true, pleading standards require Plaintiff to describe how

18  its design is distinctive and how it has acquired a secondary meaning. Plaintiff acknowledges that

19  it has not alleged facts to support that its product has acquired a secondary meaning. (Pl.'s Opp'n

20  at 3.) As currently pled, the cause of action is a conclusory, formulaic recitation of the elements,

21  which is inadequate under *Iqbal-Twombly*, and must be amended.

22      Thus, Plaintiff's third cause of action is dismissed with leave to amend.

### iv.    Interference

24      The fourth and fifth causes of action are for intentional and negligent interference with

25  prospective business advantage. (Compl. ¶¶ 70-79.) Since these claims are dismissed without

26  leave to amend on preemption grounds, the Court need not address these claims on the merits. *See*

27  discussion *supra* Part III.C.i.

28  ///

### IV. CONCLUSION

In light of the foregoing, Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. At this juncture, the facts pled against Defendant Menard, Inc. are sufficient to put Menard on notice of the claims against it, but are insufficient to support the exercise of personal jurisdiction under Rule 12(b)(2). Plaintiff, however, is granted leave to amend, because the Court believes that sufficient facts exist.

Furthermore, the second, fourth, fifth, and sixth causes of action are dismissed with prejudice. The third cause of action is dismissed with leave to amend. Additionally, Plaintiff may amend the first cause of action if it so chooses. Plaintiff shall file an amended complaint by May 16, 2016, which will give the parties an opportunity to pursue mediation.

IT IS SO ORDERED.

Dated: February 5, 2016

KANDIS A. WESTMORE
United States Magistrate Judge